GROVER v. AMERICAN EXPRESS CO.*

*(Circuit Court, D. Indiana.   April 14, 1882.)*

SUMMONS— SERVICE, ON RESIDENT AGENTS OF FOREIGN EXPRESS COMPANIES—
MOTION TO SET ASIDE.

    The act of the general assembly of the state of Indiana of March 29, 1879,
(relating to foreign express companies, defining their duties, etc.,) providing
for the service of process, in actions against such companies, on the officers or
agents of such companies within the state, is *limited* to actions on claims
or demands arising out of transactions in the state of Indiana with their
agents or employes, and embraces actions in tort as well as in contract, but
does not apply to causes of action arising outside the state of Indiana.

*Claypool & Ketcham,* for plaintiff.
*Baker, Hord & Hendricks,* for defendant.

GRESHAM, D. J.   It appears from the complaint that the plaintiff
sues as a citizen of the state of Indiana, and that the defendant is a
New York corporation; that the plaintiff sustained personal injuries,
caused by an explosion of certain articles which he was handling as
the defendant's express messenger, without being informed of the
dangerous character of such freight, and that this injury, for which
damages are claimed, occurred in the state of Ohio.   The process was
served on the defendant's agent stationed and doing business for it
at Indianapolis.   The defendant enters a special appearance, and
moves to set aside the service of the process, and the marshal's
return of the same.   The general assembly of Indiana passed an
act entitled "An act in relation to foreign express companies, defining
their duties, and providing penalties for a failure to comply with the
provisions of this act," which was approved March 29, 1879.

    Section 1 of this act declares that all copartnerships, associations
of persons, joint-stock associations or companies, not organized or
incorporated under the laws of this state, usually called express com-
panies, engaged in carrying money or merchandise over any of the
railroads, rivers, canals, or other thoroughfares of this state for com-
pensation, shall be deemed common carriers.

    Section 2 declares that all such common carriers shall file in the office
of the recorder of each county in which their business is conducted
a statement setting forth the name and locality of such common car-
riers, the amount of capital employed in such business, and also an
agreement authorizing citizens or residents of this state, having
claims or demands against such common carriers, arising out of any

  *Reported by Chas. H. McCarer, Asst. U. S. Atty.

transaction in this state with any agent or employe of such common carriers, to sue for and maintain an action in respect to the same in any court of competent jurisdiction in this state, and that service of process in such action on the officers or agents of such common carriers shall be valid service on such common carriers, and shall authorize judgment as in ordinary cases. It also further provides that it shall not be lawful for such common carriers to transact business in any county in this state until the statement and agreement aforesaid have first been made and filed, and that agents and employes of such common carriers, who violate the provisions of the act, shall be deemed guilty of misdemeanor, and punished by fine of not less than ten nor more than one hundred dollars for each offence.

Section 3 provides that such common carriers may sue and be sued in any court of competent jurisdiction in the state, in and by the name set forth in the statement required to be filed by section 2; but, until such common carriers shall comply with the provisions of section 2, it shall not be lawful for them to sue and maintain an action for any claim or demand whatever, against any citizen of the state, arising out of any transaction connected with such express business in this state.

The plaintiff's counsel insists that, notwithstanding this statute, a foreign express company transacting business in this state may be sued in any court of competent jurisdiction in the state, whether the cause of action arises out of a transaction occurring within or without the state, and that process in such suit may be served on the company's agent found doing business in the state.

Indiana prescribed, in the act of 1879, the conditions upon which foreign express companies might transact their business within her territory, viz.: they should file a statement setting forth their names, locality, and the amount of capital employed in their business; also an agreement that residents and citizens of the state might sue them in the courts of the state on claims or demands arising out of transactions in the state with their agents or employes, and that service of process in such suits on the officers or agents of such companies should be valid service on the companies. The defendant accepted these terms. It could not migrate to Indiana, and one of the conditions upon which it was permitted to exercise its authority here, was that on claims or demands arising out of transactions in this state with its agents it might be sued in any court of competent jurisdiction in the state by serving process on its officers or agents here. The agreement was that service of process here on the officer or agent,

in suits on *such* claims or demands, should operate and have the effect of service on the company. The cause of action in this suit arose out of a transaction or a personal injury sustained by the plaintiff in Ohio, and it is therefore not within the statute and agreement required to be filed by it.

In *Wilson Packing Co.* v. *Hunter*, 8 Cent. Law J. 333, Judge Drummond decided that a Missouri corporation doing business in Illinois might be sued in the courts of that state, and process served on the company's officers or agents in that state. There was a statute in Illinois which declared that "foreign corporations, and the officers and agents thereof, doing business in this state shall be subjected to all the liabilities, restrictions, and duties that are or may be imposed upon corporations of like character under the general laws of this state, and shall have no other or greater powers." This statute, it was held, implied that foreign corporations might do business in Illinois, subject, however, to the liability of being sued in the courts of that state, the same as domestic corporations. It was only by virtue of the statute that this could be done.

It may have been thought unfair, in the judgment of the legislature, to allow copartnerships and joint-stock companies not organized in this state, but doing business in it, to be sued in the courts of the state on causes of action arising out of transactions in New York, or elsewhere not in the state. In this connection it may be well to refer to an act relating to foreign express companies approved March 5, 1855. 1 Davis, 466. While this act, in many of its features, is similar to the act of 1879, it is significant that the agreement which the express companies were required by it to enter into and file for service of process on their agents was general, and not restricted, as in the act of 1879, to causes of action arising in the state. It could hardly be said that, under the last-named act, a copartnership, none of whose members are residents of Indiana, but doing express business by their agents in this state, might be sued here on a cause of action arising in another state, and process served on an agent found here transacting the firm's business.

The act respecting foreign corporations and their agents in this state, approved June 17, 1852, (1 Davis, 373,) requires, among other things, that such corporations proposing to do business in this state shall first file with the clerk of the circuit court of the county, when they intend to do business, a resolution authorizing citizens of this state, having a demand against such companies arising out of any transaction in this state, to maintain an action in respect to the

same in any court of competent jurisdiction in the state, and authorizing service of process in such action on the local agent to be valid service on the corporation. If it should be held that this act embraced foreign express companies, it was, to that extent, superseded by the act of 1879, which, as to such companies, is even broader than the act of 1852. But this last-named act will not avail the plaintiff, for the further reason that it too limits the right of action to demands arising out of transactions in this state. It is further insisted by the plaintiff's counsel that under the act of 1879 a foreign express company doing business in this state cannot be sued in the courts of this state for a tort, whether it be committed within or without the state. I do not so construe that act. A demand against a foreign express company for a tort committed by one of its agents or employes in this state is a cause of action, within the meaning of the statute, for a claim arising out of a transaction in this state with the company's agents or employes.

The only statute in force in this state which gives the service of process on the officers or agents of foreign express companies transacting business in this state the force and effect of service on the companies, is the act of 1879, and we have seen that neither that act nor the agreement which it requires, embraces claims or demands other than those which arise out of transactions within the state.

The defendant's motion is sustained, and an order will be entered setting aside the service of the process and the marshal's return of the same.